**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: July 8, 2025
Date Decided: July 21, 2025

Stephen A. Spence, Esq.
Meluney Alleman & Spence, LLC
1143 Savannah Road, Suite 3-A
Lewes, DE 19958

Jeremy D. Anderson, Esq.
Baker & Hostetler LLP
1201 N. Market Street, #1407
Wilmington, DE 19801

RE: *Loxly Epie v. Herakles Farms, LLC*,
C.A. No. 2020-0999-BWD

Dear Counsel:

In this action, Loxly Epie ("Plaintiff") seeks an order nullifying a certificate of cancellation and appointing a receiver for Herakles Farms, LLC (the "LLC"), a cancelled Delaware limited liability company. Three years before the LLC's cancellation, Plaintiff obtained a monetary judgment in Cameroon against "Herakles Farms." Plaintiff contends that the judgment against "Herakles Farms" was meant to bind the LLC, and that when the LLC dissolved, it failed to "pay or make reasonable provision to pay" the judgment in violation of 6 *Del. C.* § 18-804. This post-trial letter opinion concludes that the Cameroon judgment was not entered against the LLC, there is no basis to nullify the LLC's certificate of cancellation, and Plaintiff lacks standing to seek the appointment of a receiver.

## I.     BACKGROUND

The following facts are drawn from factual stipulations in the Pre-Trial Stipulation and Order, joint trial exhibits, the parties' briefing, and argument presented at a one-day paper trial held on July 8, 2025.[1]

### A.     Plaintiff Enters Into An Employment Letter Agreement With SGSOC.

In 2009, the late Bruce J. Wrobel formed Herakles Farms, L.P. (the "LP"), a Cayman limited partnership, to develop and operate palm oil plantations in Cameroon and Ghana.[2]  Before its cancellation in April 2017, Herakles Farms, LLC, a Delaware limited liability company, served as the LP's general partner.[3]

The LP wholly owned a Dutch intermediate holding company, Herakles Farms Coöperatief, U.A. ("Coöperatief").[4]  Coöperatief wholly owned three Cayman entities, including SGSO Cameroon Holdings, Ltd., which in turn owned

---

[1] The Pre-Trial Stipulation and Order is cited as "PTS ¶ __."  Joint trial exhibits are cited as "JX __."

[2] JX 16 at 1, 3; JX 47 [hereinafter DeLeo Dep.] at 14:16–15:6, 19:23–26:8.  Coöperatief also indirectly owned SG Sustainable Oils Ghana, Limited, a Ghanian entity, which owned and operated palm oil plantations in Ghana.  *See* JX 6.

[3] JX 3; JX 5; JX 6; JX 16 ¶ (2)B; PTS ¶ (2)(D).

[4] PTS ¶ (2)(E).

SG Sustainable Oils Cameroon, Ltd. ("SGSOC"), a Cameroon entity that held palm oil plantation assets in Cameroon.[5] The following chart depicts the entity structure:[6]



On July 30, 2012, Plaintiff, a citizen of Cameroon and resident of Kenya, entered into an Employment Assignment Letter (the "Letter Agreement") stating that:

- "***SG Sustainable Oils Cameroon Ltd. (SGSOC) is pleased to submit*** to you this offer of assignment to be employed in Cameroon, subject to the conditions and qualifications contained in this Employment [Letter Agreement]."[7]

---

[5] *Id.* ¶ (2)(F); *see* JX 16 at 3.

[6] JX 5.

[7] JX 9 at 1 (emphasis added).

- "***SGSOC is prepared to offer*** you the following compensation and benefits while you are employed, if you accept this offer . . . ."[8]

- "While ***employed by SGSOC,*** you will be based in Cameroon and, unless earlier terminated in accordance herewith, the term will be for an undetermined period commencing on August 6, 2012."[9]

- A discretionary "bonus will be based on the performance of your department and the bonus, if any, will be solely ***determined by the management of SGSOC*** and Herakles Farms."[10]

- "You will be given 30% of your basic salary per month to help cover costs related to housing. ***SGSOC*** assumes no responsibility for any leases or mortgages for residences."[11]

- "***SGSOC*** may, at its discretion, provide a vehicle for your use on company business."[12]

- "You will be entitled to ***SGSOC's standard benefits package*** offered to ***its employees***. These plans, including medical coverage, may from time to time be changed by ***SGSOC*** or their providers."[13]

- "You shall not, at any time during your employment and during the twelve month period following the completion of ***your employment with SGSOC*** . . . directly or indirectly engage in . . . any . . . business which competes with any business of ***SGSOC*** or any of its respective subsidiaries . . . ."[14]

---

[8] *Id.* (emphasis added).

[9] *Id.* (emphasis added).

[10] *Id.* (emphasis added).

[11] *Id.* (emphasis added).

[12] *Id.* at 2 (emphasis added).

[13] *Id.* (emphasis added).

[14] *Id.* (emphasis added).

- "[Y]ou shall . . . maintain in confidence . . . any confidential or proprietary information or trade secrets of or relating to ***SGSOC*** or its respective affiliates . . . ."[15]

- "You will be required to comply with all of ***SGSOC's personnel policies*** and procedures to the extent that they apply to your specific assignment. . . . Your acceptance of ***our offer*** will evidence your agreement to abide by all such policies and procedures."[16]

- "***SGSOC is an at will employer*** and nothing in this Letter should be interpreted to the contrary."[17]

- "This Letter describes ***SGSOC's offer of employment*** and is intended to be the final expression of our agreement with respect to ***your employment by SGSOC***."[18]

The Letter Agreement noted that Plaintiff's "responsibilities are outlined in the attached job description."[19] Plaintiff separately received an "SG Sustainable Oils Cameroon Ltd. Position Description."[20]

---

[15] *Id.* (emphasis added).

[16] *Id.* at 4 (emphasis added).

[17] *Id.* (emphasis added).

[18] *Id.* (emphasis added).

[19] *Id.* at 1.

[20] JX 10.

Although the Letter Agreement clearly states that Plaintiff would be "employed by SGSOC," Plaintiff points out that the Letter Agreement (printed on SGSOC letterhead) included a "Herakles Farms" watermark:[21]

HERAKLES
FARMS

SG SUSTAINABLE OILS CAMEROON LTD

Plaintiff also points out that the signature line of non-party Carmine Farnan, who executed the Letter Agreement on behalf of SGSOC, indicated that Farnan held positions at both SGSOC and the LLC:[22]

Very truly yours,

Carmine Farnan
Herakles Farms, LLC.
SG Sustainable Oils Cameroon, Ltd.

To support Plaintiff's position that he was employed by the LLC rather than SGSOC, Plaintiff testified that he was "introduced to . . . SGSOC's employees as a Herakles Farms LLC employee sent by Herakles Farms LLC to help improve operations of SGSOC."[23] Yet Thomas DeLeo, an attorney tasked with devising the

---

[21] *See* JX 9.

[22] *Id.* at 5.

[23] JX 39 at 36:13–16; *see also id.* at 36:19–52:4.

Herakles Farms entity group's tax structure, testified that the LLC had no employees located in Africa and SGSOC had no employees located in the U.S.[24]

**B.  SGSOC Terminates Plaintiff's Employment And Plaintiff Sues In Cameroon.**

On January 28, 2013, SGSOC sent Plaintiff a letter terminating his employment.[25]  The letter stated: "We wish to inform you that we hereby terminate your employment, Mr. Loxly Epie . . . from your position as Senior Vice President Finance *SG Sustainable Oils Cameroon Limited (SGSOC)* . . . for poor performance."[26]  The letter further stated: "We agree that your tenure as an employee of the Company [defined as *SGSOC*] ceased as of the close of business on 23, January 2013 . . . but we will pay you to the end of January 2013."[27]  Farnan signed the letter in his capacity as a "director" of SGSOC:[28]

SG SUSTAINABLE ILS CAMEROON LIMITED (SGSOC)

Name: CARMINE F RNAN
Title : DIRECTOR

---

[24] DeLeo Dep. at 21:15–21:25.

[25] JX 15.  Plaintiff notes that emails discussing his termination reference "Herakles Farms." *See* JX 13; *see also* JX 12.

[26] JX 15 at 1 (emphasis added).

[27] *Id.* (emphasis added).

[28] *Id.* at 3.

On May 7, Plaintiff initiated a labor dispute before the Division Labour Office in Limbe, Cameroon, through the filing of a "Letter of Convocation."[29] On May 13, SGSOC responded to the Letter of Convocation.[30]

On June 10, the Cameroon Ministry of Labor and Social Security issued a "Statement of Non-Conciliation," identifying Plaintiff as the plaintiff and "Herakles Farms" as the defendant in the dispute.[31] Plaintiff then initiated a legal proceeding (the "Cameroon Action") in the High Court of Fako Division Holden at Beua in Cameroon (the "Beua Court"), naming "Herakles Farms" as the defendant.[32] SGSOC responded through counsel, asserting counterclaims.[33]

On December 13, the Beua Court issued a written decision and monetary judgment in the Cameroon Action, finding for Plaintiff and against "Herakles Farms" in the amount of 2,034,588,517 West African Frances CFA (the "Cameroon Judgment").[34] The Beau Court's written decision repeatedly references "Herakles Farms" but does not specifically refer to "Herakles Farms, LLC."

---

[29] *See* JX 21. The parties did not submit the Letter of Convocation as a joint exhibit.

[30] *Id.*

[31] JX 20.

[32] *See* JX 28 at 1.

[33] JX 22; JX 28 at 1.

[34] JX 28 at 41.

SGSOC appealed the Cameroon Judgment.[35]  That appeal remains pending.[36]

### C.  The LLC Files A Certificate Of Cancellation.

Wrobel passed away in December 2013 and Michael Cella was named executor of his estate.[37]  In 2014, Coöperatief's interests in SGSO Cameroon Holdings, Ltd. were transferred to a third party.[38]  In 2014 and 2015, the LP's interests in Coöperatief's other subsidiaries were transferred.[39]  The LLC did not receive funds from the transfers.

On April 19, 2017, the LLC filed a Certificate of Cancellation with the Delaware Secretary of State.[40]  At that time, the LLC had no assets to distribute or set aside in reserve to pay claims.[41]

---

[35] JX 31; JX 32; JX 33.

[36] PTS ¶ (2)(M).

[37] *Id.* ¶ (2)(J).

[38] *See* DeLeo Dep. at 36:7–41:6.

[39] *Id.*

[40] PTS ¶ (2)(H).

[41] JX 40 at 54:12–55:24.

> **D.** **Plaintiff Attempts To Enforce The Cameroon Judgment Against The LLC In New York Court.**

On October 27, 2017, Plaintiff attempted to domesticate the Cameroon Judgment in the Supreme Court of the State of New York (the "New York Court"), asserting that the judgment against "Herakles Farms" referred to the LLC.[42]

On July 16, 2018, the New York Court granted Plaintiff's motion to domesticate the Cameroon Judgment and directed entry of a judgment against the LLC.[43] On December 11, the Clerk of Court for the County of New York entered a judgment against the LLC in the amount of $4,257,725.20, plus interest.[44]

On October 29, 2020, the Appellate Division, First Department, New York reversed the New York Court's ruling because the LLC had been cancelled.[45]

---

[42] PTS ¶ (2)(L).

[43] *Id.* ¶ (2)(N). *See* Dkt. 93, Ex. 3 at 14 ("Sustainable Oils claims that Herakles Farms is the wrong party to the action because the judgment does not mention Herakles Farms. That is not accurate because the judgment does mention Herakles Farms, and the trial was against Herakles Farms.").

[44] PTS ¶ (2)(O).

[45] *Id.* ¶ (2)(P). The parties agree that the New York Court's order has no preclusive effect on this action. Est.'s Opening Supp. Submission at 2–4 [hereinafter Intervenor's Supp. OB], Dkt. 92; Pl.'s Opening Supp. Submission at 1–4 [hereinafter Pl.'s Supp. OB], Dkt. 93.

### E.     Procedural History

On November 11, 2020, Plaintiff initiated this action through the filing of a

Verified Complaint, seeking an order nullifying the Certificate of Cancellation and

appointing a receiver for the LLC.  On March 19, 2021, Plaintiff filed the operative

First Amended Verified Complaint (the "Amended Complaint").[46]

On November 5, 2021, Vice Chancellor Glasscock, to whom this action was

assigned, denied the LLC's motion to dismiss the Amended Complaint.[47]   On

September 1, 2023, the Court entered an order permitting the Estate of Bruce J.

Wrobel ("Intervenor") to intervene.[48]  Thereafter, the parties stipulated to submit the

action for a decision on a paper record.[49]  The Court held a one-day trial on a paper

record on July 8, 2025.[50]

---

[46] Dkt. 14.

[47] Dkt. 33.

[48] Dkt. 70.

[49] Plaintiff filed his pre-trial opening brief on February 12, 2024.  Pl.'s Opening Br. [hereinafter OB], Dkt. 78.  On May 17, the Intervenor filed its pre-trial answering brief. Est.'s Answering Trial Br., Dkt. 82.  Plaintiff filed his pre-trial reply brief on June 17.  Pl.'s Reply Br., Dkt. 83.  On July 17, the Intervenor filed a sur-reply trial brief.  Est.'s Sur-Reply Trial Br., Dkt. 85.  The parties filed  opening supplemental briefs on January 28, 2025, and on February 28, the parties filed answering supplemental briefs.  Est.'s Answering Supp. Submission, Dkt. 96; Pl.'s Answering Supp. Submission, Dkt. 97.

[50] Dkt. 103.

## II.   ANALYSIS

The Amended Complaint brings two counts.  Count I seeks to nullify the Certificate of Cancellation that cancelled the LLC.  Count II seeks the appointment of a receiver for the LLC once it has been revived.

Section 18-804 of the Limited Liability Company Act ("LLC Act") governs the distribution of a dissolved limited liability company's assets.  Section 18-804(b)(1) states that "[a] limited liability company which has dissolved . . . [s]hall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional or unmatured contractual claims, known to the limited liability company . . . ."  6 *Del. C.* § 18-804(b)(1).  Section 18-804(b)(3) requires a limited liability company winding up to:

> make such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the limited liability company or that have not arisen but that, based on facts known to the limited liability company, are likely to arise or to become known to the limited liability company within 10 years after the date of dissolution.[51]

6 *Del. C.* § 18-804(b)(3).  "If an LLC has assets when it dissolves, it must set enough aside to satisfy creditors or claimants in pending actions: an LLC can dissolve in compliance with the LLC Act without doing so only if it had no assets."  *In re Reinz*

---

[51] 6 *Del. C.* § 18-804(b).

*Wis. Gasket, LLC*, 2023 WL 2568326, at *3 (Del. Ch. Mar. 20, 2023) (citing 6 *Del. C.* § 18-804).

"If an LLC is not wound up in accordance with the LLC Act, this Court 'may nullify the certificate of cancellation, which effectively revives the LLC and allows claims to be brought by and against it.'" *Capone v. LDH Mgmt. Hldgs. LLC*, 2018 WL 1956282, at *7 (Del. Ch. Apr. 25, 2018) (quoting *Matthew v. Laudamiel*, 2012 WL 605589, at *22 n.148 (Del. Ch. Feb. 21, 2012)), *judgment entered*, 2018 WL 2162397 (Del. Ch. May 9, 2018). "For [a] [p]etitioner to prove [that a limited liability company] actually violated the LLC Act during the course of its dissolution and cancellation, [the petitioner] must do so by a preponderance of the evidence." *In re Reinz Wis. Gasket, LLC*, 2023 WL 2568326, at *3 (citing *Martin v. Med-Dev Corp.*, 2015 WL 6472597, at *10 (Del. Ch. Oct. 27, 2015)).

Section 18-805 of the LLC Act governs the appointment of a receiver after a certificate of cancellation is filed. It states:

> When the certificate of formation of any limited liability company formed under this chapter shall be canceled by the filing of a certificate of cancellation pursuant to § 18-203 of this title, the Court of Chancery, on application of any creditor, member or manager of the limited liability company, or any other person who shows good cause therefor, at any time, may either appoint 1 or more of the managers of the limited liability company to be trustees, or appoint 1 or more persons to be receivers, of and for the limited liability company, to take charge of the limited liability company's property, and to collect the debts and

> property due and belonging to the limited liability company, with the power to prosecute and defend, in the name of the limited liability company, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the limited liability company, if in being, that may be necessary for the final settlement of the unfinished business of the limited liability company.

6 *Del. C.* § 18-805. Under the statute, a "creditor, member or manager of the limited liability company, or any other person who shows good cause" has standing to seek the appointment of a receiver. *Id.*

The parties agree that in this action, Plaintiff's entitlement to an order nullifying the Certificate of Cancellation, as well as his standing to seek the appointment of a receiver, turn on whether the Cameroon Judgment against "Herakles Farms" was entered against the LLC. If it was not, then Plaintiff cannot demonstrate that the LLC improperly failed to set aside assets to satisfy that judgment in violation of Section 18-804(b), or that he has standing as a creditor of the LLC to seek the appointment of a receiver.

After careful consideration of the trial record, I find that Plaintiff has failed to prove by a preponderance of the evidence that the LLC is subject to the Cameroon Judgment. The record shows that SGSOC—not the LLC—employed Plaintiff in

2012.[52]   Plaintiff and SGSOC entered into a Letter Agreement "describ[ing] *SGSOC's* offer of employment" and memorializing the parties' "agreement with respect to [Plaintiff's] employment by *SGSOC*."[53]   Though Farnan's signature line identified his positions at both SGSOC and the LLC, the terms of the Letter Agreement make clear that only SGSOC, and not the LLC, was a party to the agreement.[54]   And while Plaintiff notes that the Letter Agreement included a "Herakles Farms" watermark, that logo does not refer specifically to the LLC, but to a trade name for the venture that is reflected in the names of several other affiliated entities, including Herakles Farms, L.P. and Herakles Farms Coöperatief, U.A., in addition to Herakles Farms, LLC.[55]

Plaintiff nevertheless contends that the Court should "conclud[e] that the Cameroon Judgment shows Plaintiff is a creditor of the [LLC] because the defendant in the Cameroon [Action] is named 'Herakles Farms' and not 'SGSOC' . . . ."[56]

---

[52] *See* pp. 3–5, *supra*.

[53] JX 9 at 4 (emphasis added).

[54] *See generally* JX 9.

[55] Plaintiff's self-serving testimony that he was introduced to SGSOC staff as an employee of the LLC conflicts with DeLeo's more credible explanation that the LLC directly employing individuals (like Plaintiff) located in Cameroon would have defeated the venture's tax-advantaged structure.

[56] OB at 14.

Plaintiff's primary argument is that the Buea Court's decision repeatedly references the "Herakles Farms" trade name—but again, the LLC is not the only entity that bears the "Herakles Farms" name, and the Cameroon Judgment makes no reference at all to the LLC. The record shows the LLC was not named as a party or served with the pleadings, and SGSOC was the only entity that appeared through counsel and submitted counterclaims.[57] Besides Farnan's signature line on the Letter Agreement, Plaintiff cannot point to a single reference to the LLC in the record before the Buea Court.[58] As a result, Plaintiff failed to satisfy his burden to prove by a preponderance of the evidence that the Cameroon Judgment was issued against the LLC, as opposed to any other entity in the Herakles Farms group.

## III. CONCLUSION

By failing to prove that the Cameroon Judgment was entered against the LLC, Plaintiff likewise failed to prove that the LLC was required under Section 18-804 to set aside assets to satisfy that judgment. Accordingly, the Amended Complaint's request to nullify the Certificate of Cancellation in Count I is denied. Because Plaintiff has not demonstrated that he is a creditor of the LLC, he also lacks standing

---

[57] *See* p. 8, *supra*.

[58] While the Cameroon Judgment notes that the "Herakles Farms" venture had "headquarters" and a "head office" in New York, the judgment does not specifically reference the LLC. *See* JX 28 at 14, 24.

to seek the appointment of a receiver.  The Amended Complaint's request for the

appointment of a receiver in Count II is therefore also denied.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:    All counsel of record (by File & ServeXpress)